IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ANGELA K. HERNANDEZ,**

      **Petitioner,**

v.                                                                            Case No. 1:21-cv-00152

**M. CARVER,**

      **Respondent.**

### MEMORANDUM OPINION and ORDER SEALING DOCUMENTS

Pending before the Court is Respondent's Motion to File Exhibit Under Seal, (ECF No. 6), requesting the attached Exhibit No. 1 be filed under seal and made a part of Respondent's Response. (ECF No. 5). The Court notes that Exhibit No. 1 contains confidential information. Due to the confidential information contained in the exhibit, and the requirement that such information not be published, the Court **GRANTS** the Motion to Seal and **ORDERS** that Exhibit No. 1 (ECF No. 6-1), be sealed and made a part of Respondent's Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2241. (ECF No. 5).

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting alternatives. *Id.* at 302. In this case, Exhibit No. 1 to Respondent's Response shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the confidential nature of the information, and the fact that the information is interspersed throughout Exhibit No. 1, no such alternatives are feasible at this time. Accordingly, the Court finds that sealing Exhibit No. 1 to Respondent's Response does not unduly prejudice the public's right to access court documents.

It is further **ORDERED** that Petitioner shall have **thirty (30) days** after service of this Order in which to file a reply to Respondent's Response to Order to Show Cause moving to dismiss the Petition for Writ of Habeas Corpus. (ECF No. 5). The original of the reply shall be filed with the Clerk of the Court and a copy served on counsel representing the Respondent. The reply must be accompanied by a certificate stating that a copy has been sent to counsel for Respondent.

The Clerk is instructed to provide a copy of this Order to Petitioner and counsel of record.

**ENTERED**: April 8, 2021

Cheryl A. Eifert
United States Magistrate Judge